UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEZA,<br><br>            Plaintiff,<br><br>    v.<br><br>CDCR SECRETARY, et. al.,<br><br>           Defendants. | Case No. 1:25-CV-00290-HBK (PC)<br><br>ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DIRECTING PLAINTIFF TO PAY FULL FILING FEE OR FILE UPDATED FINANCIAL INFORMATION<br><br>(Doc. No. 2)<br><br>APRIL 24, 2025 DEADLINE |

Plaintiff John Meza, who is proceeding pro se, initiated this action by filing a civil rights complaint (Doc. No. 1) accompanied by an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (Doc. No. 2). Because Plaintiff commenced this action while he was still a prisoner, he is "required to pay the full amount of a filing fee" under the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915(b)(1). Upon request for a copy of Plaintiff's "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint," consistent with 28 U.S.C. § 1915(a)(2), the

---

[1] Additionally, actions commenced by prisoners are subject to other restrictions. For instance, the PLRA requires, *inter alia*, the Court to screen the complaint under 28 U.S.C. § 1915A and requires a prisoner to fully and properly exhaust his administrative remedies properly and fully <u>before </u>binging a suit in federal court.

1 Clerk was informed that Plaintiff was paroled.[2]

2 Because Plaintiff commenced this action while incarcerated, the Court is required to assess the full $350.00 filing fee under § 1915(b)(1). Generally, the "agency having custody" over Plaintiff is required to forward to the Clerk of Court both the initial, if applicable, and any subsequent monthly payments required "until the filing fees are paid," in full. *See* § 1915(b)(2); *see also Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Here, due to Plaintiff's parole, the fee collection provision is now unenforceable, and the Court no longer has the means to determine Plaintiff's ability to pay the full or a partial filing fee or otherwise collect the fees owed by Plaintiff. *See DeBlasio v. Gilmore*, 315 F.3d 396, 399 (4th Cir. 2010) (noting that, after a prisoner is released, there is "no 'prisoner's account' from which to deduct ... payments").

Although the Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he has been released, *see Putzer v. Attal*, No. 2:13-cv-00165-APG-CWH, 2013 WL 4519351, at *1 (D. Nev. Aug. 23, 2013) (noting the "unresolved issue within the Ninth Circuit regarding the application of the Prison Litigation Reform Act (PLRA) pauper application requirements in cases where the prisoner is released *pendente lite, i.e.*, during the litigation"), other circuits and district courts in California have found the statutory language of § 1915(b)(1) requires released prisoners to pay the amounts still due after their release if they wish to continue to prosecute their action. *Gay v. Tex. Dep't of Corr.*, 117 F.3d 240, 241–42 (5th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251–52 (D.C. Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997); *Townsend v. Rendon*, 2022 WL 1462181, at *2 (E.D. Cal. April 1, 2022) (directing released inmate to "either pay the filing fee in full or submit a complete[d] application to proceed in forma pauperis by a non-prisoner"); *Makoni v. Downs*, 2016 WL 7210403, at *4 (S.D. Cal. Dec. 13, 2016)

---

[2] The Court independently has confirmed that Plaintiff, who was formerly identified as John Meza, Inmate No. B19212, is no longer in the custody of the California Department of Corrections. *See* https://ciris.mt.cdcr.ca.gov/results (last visited March 24, 2025); *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice that Bureau of Prisons' inmate locator available to the public); *see also Pacheco v. Diaz*, Case No. 1:19-cv-00774-SAB (PC), 2019 WL 5073594, at *2 (E.D. Cal. Sept. 4, 2019) (taking judicial notice of CDCR's Inmate Locator system).

1  (denying released prisoner's initial IFP motion and requiring supplemental post-release IFP
2  motion); *Flynn v. Canlas*, 2015 WL 8492503, at *4 (S.D. Cal. Dec. 10, 2015) (same); *Adler v.*
3  *Gonzalez*, 2015 WL 4041772, at *2 (E.D. Cal. July 1, 2015) (requiring "updated IFP application"
4  of released prisoner because court "ha[d] before it no evidence that Plaintiff [remained] a
5  pauper," and the "[c]ircumstances that undoubtedly contributed to his impoverishment, *i.e.*,
6  imprisonment, no longer exist"); *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)
7  (remanding fee payments to district court in order to "review [plaintiff's] present economic
8  situation and fit a fee to the economic facts if [he was] still interested in pursuing his claim").
9        Consequently, for this case to proceed further, Plaintiff must pay $350.00 (the total
10  amount that remains due toward the $350.00 filing fee) in one lump sum no later than April 24,
11  2025 if he wishes to continue to prosecute this action.  If Plaintiff cannot pay this amount in one
12  lump sum, Plaintiff shall file a renewed motion to proceed IFP accompanied by the enclosed
13  financial completed and signed to under penalty of perjury by this same date.   Plaintiff must
14  provide a complete picture of his current financial situation, including an explanation as to his
15  ability to provide basic necessities for himself.  Plaintiff must include any information relating to
16  any financial assistance he receives, the amount of this assistance, and the name of the entity
17  providing this assistance.  The Court will then review the renewed application and set a monthly
18  payment schedule for the $350.00 filing fee.[3]
19        ACCORDINGLY, it is **ORDERED**:
20     1.    Plaintiff's application to proceed IFP (Doc. No. 2) is GRANTED and Plaintiff is
21           assessed the full $350.00 filing fee.
22     2.    No later than April 24, 2025, Plaintiff must pay $350.00 (the total amount that
23           remains due toward the $350.00 filing fee) in one lump sum by cashier's check,
24           money order, or personal check, payable to the Clerk of Court.  Plaintiff shall
25           include his name and case no. 1:25-cv-00290-HBK (PC) on the check.
26     3.    If Plaintiff cannot pay this amount in one lump sum, Plaintiff, by this same date,

---

28  [3] "In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial filing fee."  28 U.S.C. § 1915(b)(4).

shall file a renewed motion to proceed IFP accompanied by the enclosed financial form completed and signed to under penalty of perjury.

4. The Clerk of the Court shall enclose a blank AO 239 (Rev. 01/15) Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) with this Order for Plaintiff's use, if appropriate.

5. If Plaintiff fails to comply with this Order by either paying $350.00 in one lump sum or submitting a completed AO 239 renewed IFP application by April 24, 2025, the case may be dismissed for Plaintiff's failure to prosecute and/or as a sanction for Plaintiff's failure to obey a court order.

6. Plaintiff may also by the same date file a Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41(a)(1) should he wish to voluntarily dismiss this suit without prejudice and refile it in a new action to be exempt from the PLRA.

Dated:     March 24, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4