UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEZA,<br><br>          Plaintiff,<br><br>    v.<br><br>CDCR SECRETARY, *et al.*,<br><br>          Defendants. | Case No. 1: 25-CV-00290-HBK (PC)<br><br>ORDER GRANTING PLAINTIFF'S RENEWED MOTION TO PROCEED *IN FORMA PAUPERIS* AND REASSESSING FULL FILING FEE AND DIRECTING PLAINTIFF TO UPDATE THE COURT WITH HIS CURRENT ADDRESS<br><br>(Doc. No. 8) |

    Pending before the Court is Plaintiff's renewed motion to proceed *in forma pauperis* ("IFP") filed on May 16, 2025. (Doc. No. 8). Plaintiff, a former state prisoner, initiated this action while he was incarcerated. (Doc. No. 1). Although currently released, Plaintiff remains obligated to pay the full amount of the statutory filing fee. 28 U.S.C. § 1915(b)(1). As set forth in the Court's March 25, 2025 Order, the total amount that remains due towards the $350.00 filing fee is $350.00. (Doc. No. 6 at 3-4). Due to Plaintiff's release from custody, there is no inmate trust account from which periodic filing fees may be garnished and forwarded to the Court. Although the Ninth Circuit has yet to decide how a released prisoner who is obligated to "pay the full amount of a filing fee" under 28 U.S.C. § 1915(b)(1) may proceed IFP after he is released, "the Ninth Circuit [did note] 'even prior to the PLRA…district courts possessed authority under the non-PLRA-related provisions of § 1915 to require partial and/or installment payments.'" *Makoni v. Downs*, 2016 WL 7210403, at *3 (S.D. Cal. Dec. 13, 2016) (quoting

*Putzer v. Attal*, 2013 WL 4519351, at *2 (D. Nev. Aug. 23, 2013)) (citing *Olivares v. Marshall*, 59 F.3d 109, 111 (9th Cir. 1995)).

Plaintiff's renewed motion to proceed IFP makes the showing required to proceed IFP, but consistent with the Prison Litigation Reform Act, Plaintiff remains obligated to pay the full $350.00 statutory filing fee as set forth in 28 U.S.C. § 1915. Given Plaintiff's current financial situation, the Court will not assess a monthly installment payment at this time. However, Plaintiff remains responsible for the full $350.00 filing fee and will be required to notify the Court as soon as his financial situation changes.

Additionally, although Plaintiff's IFP application indicates that he is currently homeless, he must still provide the Court with a valid mailing address through the U.S. Postal Service. Under this Court's Local Rules, litigants are required to keep the Court informed of their current address, and failure to comply may result in dismissal of the case. Specifically:

> "[a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Local Rule 183(b) (E.D. Cal. 2022); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address."). Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of addresses at all times); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Cal. July 10, 2018) (dismissing action for failure to prosecute and failure to provide court with current address).

Moreover, Plaintiff is warned that Federal Rule of Civil Procedure 41(b) permits courts to involuntarily dismiss an action when a litigant does not prosecute an action or does not comply with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403

F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances."). Local Rule 110 similarly permits courts to impose sanctions on a party who fails to comply with a court order. Further, the procedural rules that govern this Court are to be "construed, administered and employed by the court . . . to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Accordingly, it is **ORDERED**:

1. Plaintiff's renewed motion to proceed *in forma pauperis*, (Doc. No. 8) is GRANTED and the Court assesses the full $350.00 filing fee due to Plaintiff's former prisoner status.

2. Plaintiff shall notify the Court within thirty (30) days of any change in his current financial situation, i.e. if Plaintiff secures employment or is deemed eligible to receive any form of federal or state financial assistance.

3. Plaintiff shall notify the Court of his current address within thirty (30) days.

4. Plaintiff's failure to timely notify the Court of his current address or any change in his financial circumstances will result in the undersigned recommending the district court dismiss this action.

Dated:   May 20, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3