UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MEZA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CDCR SECRETARY, R. CLIFTON and E. SILVA,<br><br>　　　　Defendants. | Case No. 1:25-cv-00290-HBK (PC)<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION WITHOUT PREJUDICE[1]<br><br>14-DAY DEADLINE |

Plaintiff John Meza is a former state prisoner proceeding pro se and *in forma pauperis* in this civil rights action.[2] (Doc. Nos. 1, 7). For the reasons set forth below, the undersigned recommends that the District Court dismiss this action without prejudice for Plaintiff's failure to respond and comply with a court order, and failure to keep the Court informed of his current address of record and prosecute this action.

**BACKGROUND**

Plaintiff initiated this action by filing a rights complaint under 42 U.S.C. § 1983 alleging Eighth Amendment stemming from his unlawful extension of his incarceration. (Doc. No. 1).

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

[2] Plaintiff initiated this action while still a prisoner, prior to his release.

1  Specifically, Plaintiff claims on February 28, 2025, he was informed by prison officials that his
2  scheduled parole date of March 2, 2025, had been extended to March 9, 2025, due to the
3  California Department of Corrections and Rehabilitation's failure to credit seven days for a class
4  he completed at Bakersfield College. (*Id*. at 3). Plaintiff asserts that this adjustment was
5  erroneously applied, resulting in his continued incarceration beyond his lawful release date. (*Id*.).

6  On May 6, 2025, the Court issued a screening order, pursuant 28 U.S.C. § 1915A finding
7  the Complaint, as pled, failed to state an official capacity claim against any of the named
8  Defendants, was barred by the Eleventh Amendment to the extent it sought monetary damages
9  against the States, and failed to allege sufficient facts to state either an Eighth Amendment or
10 Fourteenth Amendment claim. (*See generally* Doc. No. 7). In its May 6, 2025 Order, the Court
11 afforded Plaintiff three options to exercise before June 13, 2025: (1) file an amended complaint;
12 (2) file a notice that he intends to stand on his initial complaint subject to the undersigned
13 recommending the district court dismiss for reasons stated in the May 6, 2025 Screening Order;
14 or (3) file a notice to voluntarily dismiss this action, without prejudice, under Federal Rule of
15 Civil Procedure 41(a)(1) because no defendant had yet been served. (*Id*. at 7-8). The Court
16 expressly warned Plaintiff that if he "fails to timely respond to this Court Order or seek an
17 extension of time to comply" the undersigned "will recommend that the district court dismiss this
18 case as a sanction for Plaintiff's failure to comply with a court order and prosecute this action."
19 (*Id*. at 8, ¶ 2). As of the date of this of this Findings and Recommendation, Plaintiff has failed to
20 exercise any of the three options from the Court's Screening Order, or request an extension of
21 time to comply, and the time to do so has expired.[3]  *See* docket.

22 On May 20, 2025, the Court granted Plaintiff's renewed application to proceed *in forma*
23 *pauperis*. (Doc. No. 9).  On June 18, 2025, the Court's May 20, 2025 Order was returned as
24 undeliverable.[4]

25 /////

26

---

27 [3] More than 45 days have passed since the date Plaintiff was deliver his response to the Screening Order to correctional officials for mailing.
28 [4] The May 6, 2025 Order was not returned to the Court as undeliverable.

2

# APPLICABLE LAW AND ANALYSIS

**1. Rule 41 and Local Rule 110**

### A. Legal Standard

Federal Rule of Civil Procedure 41(b) permits the court to involuntarily dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). Similarly, this Court's Local Rules, which correspond with Federal Rule of Civil Procedure 11, provide, "[f]ailure of counsel or of a party to comply with … any order of the Court may be grounds for the imposition by the Court of any and all sanctions … within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). In determining whether to dismiss an action, the Court must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

After considering each of the above-stated factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest, satisfying the first factor. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Indeed, "trial courts do not have time to waste on multiple failures by aspiring litigants to follow the rules and requirements of our courts." *Pagtalunan v. Galaza*, 291 F.3d 639, 644 (9th Cir. 2002) (Trott, J., concurring in affirmance of district court's involuntary dismissal with prejudice of habeas petition where petitioner failed to timely respond to court order and noting "the weight of the docket-managing factor depends upon the size and load of the docket, and those in the best position to know what that is are our beleaguered trial judges."). Further, as set forth in the Screening Order, the Court already

determined that the Complaint, as pled, failed to state a claim, so this factor does not weigh in favor of the Plaintiff.

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's May 6, 2025 Order expressly warned Plaintiff that his failure to comply with the Court's order would result in a recommendation for dismissal of this action. (Doc. 7 at 8, ¶ 2). Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. And the instant dismissal is a dismissal *without* prejudice, which is a lesser sanction than a dismissal with prejudice, thereby satisfying the fifth factor.

After considering the factors set forth *supra* and binding case law, the undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41(b) and Local Rule 110.

**2.     Failure to Update Address of Record Pursuant to Local Rule 183(b)**

Plaintiff was obligated to keep this Court informed of his proper address. Specifically:

> [a] party appearing *in propria persona s*hall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Local Rule 183(b)(E.D. Cal. Jan. 1, 2025); *see also* Local Rule 182(f) (all parties are "under a continuing duty" to notify the clerk of "any change of address[.]"). The Court notified Plaintiff of his obligation to keep the Court informed of his address and advised that the Court would dismiss an action without prejudice if Plaintiff does not update his address within thirty-three (33) days. (Doc. No. 4, VIII.B.). Precedent supports a dismissal of a case when a litigant does not keep the court appraised on his address. *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988) (affirming lower court and finding no abuse of discretion when district court dismissed case without prejudice after pro se plaintiff did not comply with local rule requiring pro se plaintiffs keep court apprised of

5

addresses at all times); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal proper for failure to prosecute and comply with local rules of court); *Hanley v. Opinski*, 2018 WL 3388510 (E.D. Ca. July 10, 2018) (dismissing action for failure to prosecute and to provide court with current address); *Davis v. Kern Valley State Prison*, No. 1:22-CV-1489-JLT-EPG (PC), 2023 WL 2992980, at *1, fn 1 (E.D. Cal. Apr. 18, 2023).   More than thirty-three (33) days has passed since the Court's May 20, 2025 Order was returned as undeliverable, and Plaintiff has not filed a notice of change of address.

Accordingly, it is **ORDERED**:

The Clerk of the Court randomly assign this case to a District Judge.

It is further **RECOMMENDED**:

This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this action and failure to obey a court order pursuant to Federal Rules of Civil Procedure 41(b) and Local Rule 110 and/or for failure to keep the Court apprised of his current address of record pursuant to Local Rule 183(b).

**NOTICE**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days of the date of service of these Findings and Recommendations, a party may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." A party's failure to file objections within the specified time may result in waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   July 25, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE